SAMUEL SMITH ET AL., AS COMMISSIONERS OF LOGAN COUNTY, OHIO, v. DANIEL GRIFFIN.

DAMAGES FOR BREACH OF BOND TO COMPLETE WORK.

> A board of county commissioners is not liable in damages for breach of a ditch improvement contract taken by the engineer, under the provisions of section 4476 of the Revised Statutes of Ohio.

ERROR to the court of common pleas of Logan county.

PRICE, J.

A statement of the case is found in the opinion of the court.

The plaintiff originally commenced this case before a justice of the peace of Logan county, and after a judgment was rendered in that court, an appeal was taken to the court of common pleas, wherein the plaintiff below filed his petition against the defendants below, in which petition he avers in substance, that at the time his right of action accrued, the defendants, Smith et al., were the commissioners of Logan county, which date is fixed by the petition as November 12, 1892; that J. C. Wonders had before that time been appointed surveyor and engineer on a certain ditch, by order of the defendants, and that on the said 12th day of November, 1892, the plaintiff entered into a contract with said engineer for the construction of lateral No. 2 of section 5 of said ditch; and further, that on the 16th day of November, 1892, the plaintiff filed in the office of the auditor of said county said contract and a bond as required by law, to the acceptance of the defendants, for the completion of said work according to the terms of the contract, which contract and bond were approved on the 18th day of November, 1892.

The plaintiff further avers that after he had entered upon the construction of said ditch—had incurred expenses in purchasing material, and had made necessary preparations for the performance of the work, the defendants, without any notice to plaintiff, attempted to rescind said contract, and refused and declined to permit plaintiff to proceed with the completion of said work, and refused and declined to pay plaintiff any sum whatever, and that he has been at all times ready and willing to comply with the terms of said contract, all which the defendants well knew; and the petition prays judgment for damages against the defendants for the sum of one hundred dollars.

The defendants filed a motion to have their names as individuals stricken from the petition, which was refused, and exception taken. They then filed a special and a general demurrer, which were overruled by the court and exception entered, after which defendants answered the petition, and the case proceeded to trial, and resulted in a verdict for the plaintiff in the court below.

A motion for new trial was filed and overruled, and exception taken.

The defendants next filed their motion for a judgment in their favor notwithstanding the verdict, which was overruled and exception entered, and judgment was entered on the verdict.

Error is prosecuted in this court to reverse the judgment of the court of common pleas, assigning as errors the several rulings of the court above set forth.

On account of the views this court entertains in this case, it is not necessary to pass on the motion filed in the lower court to strike out the individual names of defendants, or to rule on the special demurrer interposed.

The plaintiff seeks to recover a judgment against the board of commission-

†Judgment in this case was affirmed by the supreme court, without report, 56 O. S., 775.

ers of Logan county for damages, which he avers he has sustained by reason of their refusal to allow him to proceed with and complete the work contracted for, and he pleads a contract made by him with the engineer appointed by the defendants, and assigns its breach as his ground of recovery.

We think a proper understanding of the several sections of the statute regulating the mode and manner of enforcing the construction of ditches in Ohio, shows that the expenses of the work, with all its attendant costs, from the inception to the final close of the proceedings, are to be borne alone by those who are found and adjudged to be benefited, and the statute carefully guards the rights of those whose lands are so situated that no benefit will accrue to them by reason of the ditch improvement.

The entire system of ditch legislation, as we now have it, proceeds on the theory that those who are to be benefited in some substantial way, and those alone, shall bear the burden of providing the drainage.

It is true that under the provisions of the statute, the enforcement of proper and sufficient drainage of lands in localities requiring it, is worked out through application to the board of commissioners, who, together with the engineer and other instrumentalities provided, have charge of the work; yet, in the performance of such official duties they are not acting as the agents of the county at large; nor can they bind the county at large by any neglect or wrongful act while conducting and managing the execution of the ditch work.

If any relation of agency exists in such case, they would seem to be more the agents of the parties interested in the drainage, and who, by petition, have invoked the action of the commissioners, than of the taxpayers and people of the county.

While the statute authorizes the board of commissioners to appoint an engineer, and provides that the engineer shall let the work and take contracts and bonds for its performance, subject to the approval of the commissioners, it is plain that, in discharge of these statutory duties, neither the engineer nor the commissioners are representing the entire county, so as to make all its taxpayers liable for the manner in which they discharge or neglect to discharge these duties, or for the breach of such a contract as is contained in the petition.

One who bids on ditch work is presumed to know the law, and what means the statute provides for his compensation. The statute becomes part of the contract. Hence the plaintiff knew, when he contracted, that he must look for his compensation to the assessment made on benefited premises, and not to the general duplicate.

Under section 4477, Revised Statutes of Ohio, when a certain portion of the work is done, the contractor receives a certificate or estimate from the engineer for which he is entitled to a warrant from the auditor on the treasurer of the county, payable out of the fund provided for that purpose, and so on through the various stages of the work.

The fund for such payments must be raised by the special assessment above referred to.

In this case, the plaintiff complains that after he had prepared for the work —had incurred expense in making necessary preparations for its performance, the defendant below refused to let him proceed. If that is true—if he had a subsisting contract under the law, and had thereunder made outlays, and performed some of the work, and was, without his fault, prevented from completing it, he would have such claim as might be filed with the commissioners for allowance, and the commissioners might be compelled to make provision for its payment out of any fund set apart for the purpose. It is not our province to indicate or point out remedies; but we are quite confident that the remedy adopted in this case is not the just or proper one. Even if the statute is defective in not providing a remedy for such a case as is stated in the petition, it does not follow that parties, not intended by law, shall be liable. If the plaintiff below upholds

a judgment, its payment will fall on the taxpayers at large. As to them, such a burden is neither just nor legal.

Without further discussion of the questions, we hold that the demurrer to the petition should have been and it is now sustained; that the court below should have sustained the motion of defendants for judgment notwithstanding the verdict. For these errors, the judgment of the lower court is reversed, the verdict set aside, with costs; execution awarded, and the cause remanded for execution. And this court, proceeding to render the judgment which the court below should have rendered, sustains the motion for judgment notwithstanding the verdict, dismisses the petition at the costs of the plaintiff below; judgment is rendered for costs, and cause remanded for execution.

In the case of the same plaintiffs in error against Michael Griffin, heard and submitted with this case, the same orders are made.

*James Kernan* and *James A. Odor*, for Plaintiffs in Error.

*Duncan Dow*, for Defendant in Error.